# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NYCERE BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12-CV-1461 SNLJ |
| ST. LOUIS COUNTY POLICE DEPT., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Nycere Bey for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is legally frivolous.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action for violations of his civil rights against defendant St. Louis County Police Department. Plaintiff alleges that he is a Moor and that he is, therefore, immune from state and federal law.

Plaintiff specifically claims that "St. Louis County Police ignored the fact that I told them I am now a sovereign secure party for the Curtis Lamar Flanagan Corporation which means I have a lien on my old name and my social security number. Knowing this they still wrote me tickets for court and they even participated in kidnapping me, violated my Sixth Amendment rights is what they did and falsely imprisonment me for four days." Other than claiming immunity from federal law due

to his Moorish beliefs, plaintiff has not articulated how defendant's behavior allegedly violated his civil rights.

## Discussion

The essential elements of a constitutional claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff has not alleged a specific violation of his constitutionally protected federal right. His conclusory statements to the contrary do not provide a basis for liability under § 1983.

Moreover, fatal to plaintiff's assertion of immunity to federal and state laws is the non-recognition of the Moorish Nation as a sovereign state by the United States. See Benton-El v. Odom, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); Osiris v. Brown, 2004 WL 2044904 *2 (D.N.J. Aug. 24, 2005); Khattab El v. United States Justice Dept., 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988). Plaintiff cannot unilaterally bestow sovereign immunity upon himself. See United States v. Lumumba, 741 F.2d 12, 15 (2d Cir. 1984). Plaintiff's purported status as a Moorish-American citizen does not enable him to violate state or federal laws without consequence. As a result, plaintiff's allegations are legally frivolous and subject to dismissal.

Last, plaintiff's claims are legally frivolous because the St. Louis County Police Department is not a suable entity. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are not juridical entities suable as such).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of August, 2012.

                STEPHEN N. LIMBAUGH, JR.
                UNITED STATES DISTRICT JUDGE